*SHEPPARD vs. HIS CREDITORS.*

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The losses sustained by an insolvent must be shewn by the affidavit of two witnesses.

One creditor cannot be called before a notary to deliberate on his or the

Eastern District,
*April* 1831.

SHEPPARD
*vs.*
HIS CREDITORS.

insolvent's affairs. Meetings of creditors take place in order that the minority may be compelled to abide by the decision of the majority in sums or claims, and where their are less than three creditors there cannot be a majority.

If an insolvent has a right to cede his goods to an only creditor, he ought to have him cited into court. Less than three creditors cannot form a concourso, for there is no minority to be coerced.

The opposing creditor was placed on the schedule of the insolvent for $525. Three other creditors were placed thereon, as having, in 1821, claims against the insolvent and his former partner, amounting in all to $2700, the payment of which was assumed by his partner, upon a dissolution of the firm; but whether paid or not, the insolvent did not know. He exhibited credits and property to the value of $346, and stated that he had sustained losses to the amount of $250.

The opposing creditor prayed that the proceedings be set aside, on the following grounds, *to wit.:* first, that he had never been cited: second, that the insolvent appeared to have but one creditor: and, *third,* that if there be more than one creditor, the value of the property surrendered did not amount to one third of his debts, and there was no proof that the insolvent had sustained the losses stated in his schedule, or that the said losses had reduced him to the situation in which he found himself. The proceedings were set aside, and the insolvent appealed.

*Farrar* and *M'Caleb,* for appellant.
*Strawbridge,* for appellee.

*Martin, J.,* delivered the opinion of the court.

The insolvent made a cession of his goods and prayed for a meeting of his creditors.

Turner was placed on the schedule as a creditor of $525, and two other creditors, as members of a firm, were placed thereon for $2700 ; but the debtor stated, a former partner of his, and joint debtor, had promised to pay the whole of the debt ; but whether he had or not, was a fact on which he was not informed.

Turner prayed that the proceedings be set aside, as he was not cited, and was the only creditor ; and if the other two persons had not been paid, then the property surrendered was not worth one third of the debts, and the insolvent should have added the affidavit of two witnesses, attesting their belief of the losses he urged he had sustained.

The proceedings were set aside and the insolvent appealed.

Surely if there were three creditors, and the debt of $2700 was unpaid, the property surrendered being appraised at less than $400, the proceedings were properly set aside for want of the affidavit required by the act of 1817.—2, *Moreau's Digest, p.* 346, *sec.* 7.

If the debt was paid, then there was no creditor but the appellee, and he could not properly be called to a notary's office, in order to deliberate on his or the insolvent's affairs. Meetings of creditors take place, in order that the minority may be compelled to abide by the decision of the majority in sums or claims, and when there are less than three creditors there cannot be a minority.

Whether he who has but one creditor, may compel him to accept a cession, or whether he who has two may prevent the one whose debt is payable, from exercising his right to the injury of the other whose day of payment is distant, are questions not involved in the present case, which turns on a mere point of practice.

If the appellant had a right to cede his goods to the appellee, his only creditor, he ought to have cited him into court. Less than three creditors cannot form a concurso, for that there is no minority to be coerced—" *Para que se admite el concurso y se estime por legitimo y verdadero, y no fieto ni fraudulente, tenga el deudor a lo menos tres acreederos y los nombre ; pues no teniendo ó han nombrando mas que dos, no se estimaran por concurso, ni el juez se les debe admittir.—Febrero, Juicio de Concurso,* 3, 3, *sec.* 1. *N.* 10."

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.

Eastern District.
*April* 1831.

SHEPPARD
*vs.*
HIS CREDITORS.

The loss sustained by an insolvent must be shown by the affidavit of two witnesses.

One creditor cannot be called before a notary to deliberate on his or the insolvents affairs—meetings of creditors take place in order that the minority may be compelled to abide by the decision of the majority in sums or claims, and where there are less than three creditors there cannot be a majority.

If an insolvent has a right to cede his goods to an only creditor, he ought to have him cited into court—less than three creditors cannot form a ·concurso, for there is no minority to be coerced.